IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**PATRICK ANGELO, JR.,**

                        Plaintiff,

                                                    CIVIL ACTION
     vs.                                         No. 05-3101-SAC

**RANDALL HENDERSON, et al.,**

                        Defendants.

<u>ORDER</u>

    Plaintiff proceeds pro se on a complaint filed under 42 U.S.C. 1983.  Plaintiff has paid the initial partial filing fee assessed by the court under 28 U.S.C. 1915(b)(1) and is granted leave to proceed in forma pauperis.  Plaintiff remains obligated to pay the remainder of the $250.00 district court filing fee in this civil action, through payments from his inmate trust fund account as authorized by 28 U.S.C. 1915(b)(2).

    Plaintiff, a prisoner in the Wyandotte County jail in Kansas City, Kansas, seeks damages and injunctive relief for the alleged denial of medical care to alleviate continuing shoulder and neck pain.  By an order dated March 11, 2005, the court directed plaintiff to supplement the complaint to avoid dismissal of this action without prejudice based on plaintiff's failure to show his full exhaustion of administrative remedies on his claims.  42 U.S.C. 1997e(a).  The court also directed plaintiff to supplement the complaint to identify the nature and extent of plaintiff's continuing shoulder and neck pain, to explain how each defendant

personally participated in the denial of necessary medical care,[1] and to show cause why plaintiff's mere disagreement with the medical care provided should not be dismissed as stating no claim for relief.

In response, plaintiff documents his attempt to pursue administrative relief through an inmate complaint form on February 17, 2005, in which he asked for hospital examination and treatment. Plaintiff states he never received a response to that inmate complaint form. He cites swelling and pain in his shoulder and states aspirin is insufficient to adequately address his pain. He further contends the jail administrator, as supervisor to all jail employees including medical staff, is responsible for operation of the facility.

Having reviewed the supplemented complaint, the court finds this action should be dismissed as stating no claim for relief. No claim of constitutional dimension is stated by plaintiff's mere difference of opinion concerning the appropriate course of treatment for his shoulder and neck pain. See Johnson v. Stephan, 6 F.3d 691, 692 (10th Cir. 1993)(difference of opinion between prisoner and medical staff as to need for or adequacy of treatment is not a constitutional violation). Nor is plaintiff's claim of delayed medical care constitutionally significant where plaintiff identifies no substantial harm resulting from the alleged deliberate indifference of defendants. Olson v. Stotts, 9 F.3d 1475 (10th Cir. 1993)(stating standard for constitutional claim based on delayed medical treatment). Additionally,

---

[1]The defendants named in the original and supplemented complaint are Jail Administrator Randell Henderson, and "Wyandotte County Medical Director and Staff."

plaintiff may not rely on the doctrine of respondeat superior to hold a defendant liable by virtue of the defendant's supervisory position. Rizzo v. Goode, 423 U.S. 362 (1976).

Thus for the reasons stated herein and in the order dated March 11, 2005, the court concludes the complaint should be dismissed as stating no claim for relief. *See* 28 U.S.C. 1915(e)(2)(B)(ii); 42 U.S.C. 1997e(c)(2).

IT IS THEREFORE ORDERED that plaintiff is granted leave to proceed in forma pauperis.

IT IS FURTHER ORDERED that the complaint is dismissed as stating no claim for relief under 42 U.S.C. 1983.

**IT IS SO ORDERED.**

DATED:  This 8th day of November 2005 at Topeka, Kansas.

 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge

3